IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE,<br>Address Withheld,<br><br>     Plaintiff,<br><br>    v.<br><br>AMERICAN UNIVERSITY,<br>4400 Massachusetts Avenue NW<br>Washington, DC 20016,<br><br>     Defendant. | Case: 1:19-cv-03097<br>Assigned To : Mehta, Amit P.<br>Assign. Date : 10/10/2019<br>Description: Civil Rights  (L-DECK) |

## UNOPPOSED MOTION TO PROCEED UNDER PSEUDONYM

Plaintiff John Doe, through counsel, respectfully moves for an order allowing him to proceed under pseudonym in this matter. As set forth in the accompanying memorandum, and in the complaint being filed contemporaneously with this motion, this matter involves highly sensitive and private information about John Doe and Jane Roe. John Doe—who is a citizen of the conservative Muslim country, Kuwait—was found by the defendant to have sexually assaulted Jane Roe, and the topic of campus sexual misconduct is at the forefront of the national consciousness. Moreover, sexual relations outside of marriage are not only disapproved of in John Doe's religion and culture, but they are illegal in Kuwait. If he were to bring this action using his real name, John Doe and his family would face public shaming and other potentially severe consequences in their country.

The public's interest in the issues at stake in this matter do not turn on the identity of John Doe or his accuser, and the defendant is already aware of the true identity of John Doe, Jane Roe, and the other University students whose identities John Doe seeks to protect. The

defendant's ability to defend itself in this suit will not be hindered by the granting of this motion, and the defendant has stated that it does not object to this motion, informing undersigned counsel that "it seems appropriate given the circumstances."[1]

WHEREFORE, Plaintiff respectfully requests that his Motion to Proceed Under Pseudonym be granted and that he be permitted to be identified as John Doe, that his accuser be referred to as Jane Roe, and that other current and former University students implicated in the matter be identified by their initials.

### MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM

Rule 10(a) of the Federal Rules of Civil Procedure generally requires that "[t]he title of [a] complaint must name all the parties[.]" See also Local Civil Rules 5.1(c) and 11.1. In order to proceed pseudonymously, therefore, a party must obtain leave of the court. Doe v. U.S. Dep't of State, 1:15-cv-01971, 2015 WL 9647660 at *1 (D.D.C. Nov. 3, 2015). "'Leave is generally granted if the litigant makes a colorable argument in support of the request.'" Id. (quoting Qualls v. Rumsfeld, 228 F.R.D. 8, 10 (D.D.C. 2005)).

A litigant fails to make a colorable argument when he "merely cites personal embarrassment as the basis of the need for confidentiality." Nat'l Ass'n of Waterfront Employers v. Chao, 587 F. Supp. 2d 90, 99-100 (D.D.C. 2008). But when "'anonymity is necessary to preserve privacy in a matter of a sensitive and highly personal nature,'" leave may be granted after weighing the need to proceed pseudonymously against the public's and the opposing party's interest in the identity of the party. Qualls, 228 F.R.D. at 10-11 (quoting Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1068 (9th Cir. 2000)).

---

[1] According to an email from American University's Office of General Counsel to undersigned counsel, dated October 7, 2019.

2

Although the D.C. Circuit has established no specific test for balancing these interests, courts in this district generally consider five factors when weighing requests for anonymity:

(1) Whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature;

(2) Whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties;

(3) The ages of the persons whose privacy interests are sought to be protected;

(4) Whether the action is against a governmental or private party; and

(5) The risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Doe v. U.S. Dep't of State, 2015 WL 9647660 at *2; Chao, 587 F. Supp. 2d at 99. As they apply here, these factors weigh in favor of granting the motion.

1. **John Doe seeks anonymity to preserve privacy in a matter of a sensitive and highly personal nature.** John Doe was found by American University to have committed sexual assault. Charges of that nature are more than just "personal[ly] embarrass[ing]," see Chao, 587 F. Supp. 2d at 99-100, though they are certainly that. They are also highly stigmatizing. See Starishevsky v. Hofstra Univ., 612 N.Y.S.2d 794, 801 (Sup. Ct. 1994) (acknowledging "the stigmatizing (unfortunate as this observation may be, it is true) nature of" university sexual misconduct complaints). Significant disciplinary action by a college, for any reason, is stigmatizing in itself. See Albert v. Carovano, 824 F.2d 1333, 1338 n. 6 (2d Cir. 1987) (protected liberty interest at stake because of the "stigma" attached to disciplinary suspension from college); Tully v. Orr, 608 F. Supp. 1222, 1226 (E.D.N.Y. 1985) (stigma of disenrollment cannot be adequately compensated at law). But it is difficult to imagine a more stigmatizing label than being branded a sex offender. "There can be no doubt" that litigation involves charges

3

of campus sexual misconduct "focuses on a matter of sensitive and highly personal nature." <u>Doe v. The Rector and Visitors of George Mason Univ.</u>, 179 F. Supp. 3d 583, 593 (E.D. Va. 2016) (internal quotation marks omitted).

In this case, the stigmatization of John Doe would be particularly harsh. John Doe is a citizen of, and lives in, Kuwait—a conservative Muslim country in which sexual activity outside of marriage goes against religious and cultural values. Indeed, sexual relations outside of marriage are illegal in Kuwait. Should John Doe's identity be revealed, he and his family would face considerable public shaming.

Beyond their stigma, the charges against John Doe necessarily reveal details about his private sexual life. This first factor weighs in favor of allowing him to proceed under pseudonym.

2. <u>Identifying John Doe exposes him to a risk of retaliatory mental harm.</u>
Discussions of sexual misconduct—and, in particular, campus sexual misconduct—generate strong emotions. As even a casual tour of social media will confirm, discussions of sexual misconduct frequently include personal attacks on the parties involved in specific instances of alleged wrongdoing, both accuser and accused. If John Doe is identified, he risks the same sort of retaliatory harm that accused students have faced throughout the country. See <u>Doe v. The Rector and Visitors of George Mason Univ.</u>, at 179 F. Supp. 3d at 593 ("Plaintiff has been accused of sexual misconduct, the mere accusation of which, if disclosed, can invite harassment and ridicule. . . . [I]t is possible that plaintiff could be targeted for 'retaliatory physical or mental harm' based on the accusations alone.") (citation omitted). In a case at Columbia University, for example, a student who was *cleared* of disciplinary charges of sexual misconduct was nonetheless "ostracized by classmates, dropped from extracurricular activities, and targeted via

4

social-media threats."[2] When Duke lacrosse players were falsely accused of rape in 2006, "the team was subject to social ostracism on campus, including a public letter from 88 Duke faculty members thanking student protestors who had, among other suggestions, called for the team captains to be castrated."[3] Disclosing John Doe's identity in a case that is likely to garner national media attention will almost surely make him the target of similar threats, harassment, and intimidation—both here and, especially, in Kuwait.

3. <u>This action is against an institutional private party that knows Mr. Doe's identity.</u> Although the defendant is not a government actor, this factor nevertheless weighs in favor of anonymity, or at least does not weigh against it. This factor is not quite an independent factor; it effectively "stands at the intersection of the first and fifth factors enumerated above." <u>Doe v. U.S. Dep't of State</u>, 2015 WL 9647660 at *3. It "might better be described as favoring a plaintiff's public anonymity where sensitive information makes the plaintiff's privacy paramount and little unfair risk to a defendant's reputation exists[.]" <u>Id.</u> That is the case here: The harms to John Doe in disclosing his identity are real, and disclosure would do nothing to protect the University's reputation.

4. <u>There is no risk of unfairness to the defendant in allowing Mr. Doe to proceed under pseudonym.</u> The University already knows the identities of John Doe and Jane Roe, as well as the identities of the students who served as witnesses in their disciplinary proceeding. That fact weighs in favor of granting the motion. <u>See</u> <u>Doe v. U.S. Dep't of State</u>, 2015 WL 9647660 at *3. Publicly identifying those individuals has no bearing on the university's ability

---

[2] Cathy Young, Op-Ed., <u>Campus sexual assault stories have two sides</u>, Newsday, April 27, 2015, http://www.newsday.com/opinion/columnists/cathy-young/campus-sexual-assault-stories-have-two-sides-1.10339045.
[3] Press Release, Columbia Law School, Unlearning Due Process? (April 21, 2015), https://www.law.columbia.edu/media_inquiries/news_events/2015/april2015/due-process.

to defend against those claims. Nor is the public interest advanced by publicly disclosing the identity of John Doe or any of these other students.

\* \* \*

Neither the defendant nor the public stand to lose anything if Mr. Doe is allowed to proceed under pseudonym and to mask the identities of the other students involved. Mr. Doe, on the other hand, stands to have private and highly sensitive details of his life exposed if his identity is disclosed, and he, and his family, will very likely experience substantial retaliation from members of the public both in the United States and in Kuwait. He will suffer those harms with no concomitant benefit to the Defendant in its ability to defend this suit, or to the public's appreciation of the issues at stake. Courts in this and other jurisdictions have routinely allowed students found to have engaged in campus sexual misconduct to proceed under pseudonym. See, e.g., Doe v. George Washington Univ., No. 18-cv-553-RMC (D.D.C. filed March 8, 2018) (granting male accused of sexual misconduct by female student to proceed under pseudonym); Doe v. Jackson, No. 1:16-cv-1158-RC (D.D.C. filed August 10, 2016) (same); Doe v. George Washington Univ., No. 1:11-cv-00696-RLW (D.D.C. filed Apr. 8, 2011) (upholding a magistrate's order allowing same); Doe v. Univ. of the South, 687 F. Supp. 2d 744, 764 (E.D. Tenn. 2009) (same).[4] John Doe requests permission to do the same.

---

[4] See also Doe v. Purdue Univ., No. 4:19-cv-56-TLS-JPK (N.D. Ind. filed Aug. 19, 2019) (granting motion to proceed anonymously so that the plaintiff could proceed as "John Doe," his accuser could proceed as "Jane Roe" and other students could be referred to by their initials); Doe v. Vanderbilt Univ., No. 3:18-cv-00569 (M.D. Tenn. filed June 20, 2018) (granting motion to proceed using a pseudonym); Doe v. Oberlin Coll., No. 1:17-cv-1335 (N.D. Oh. filed June 23, 2017) (allowing plaintiff to proceed under pseudonym and to shield the identities of his accuser and other students); Doe v. College of Wooster, No. 5:17-cv-323-SL (N.D. Ohio filed Feb. 16, 2017) (granting plaintiff disciplined for sexual misconduct permission to proceed under pseudonym); Doe v. Williams Coll., No. 1:2013-cv-11740 (D. Mass. filed July 19, 2013) (allowing the plaintiff to proceed pseudonymously and granting the motion for protective order); Doe v. Pa. State Univ., 4:15-cv-02072-MWB (M.D. Pa. filed Oct. 26, 2015) (granting motion to

6

## CONCLUSION

For the foregoing reasons, John Doe respectfully requests that his Motion to Proceed Under Pseudonym be granted.

Respectfully submitted,

DATED: October 9, 2019

_____
Matthew G. Kaiser (D.C. Bar No. 486272)
Scott Bernstein (D.C. Bar No. 1013922)
William E. Zapf (D.C. Bar No. 987213)
KaiserDillon PLLC
1099 14th Street NW, 8th Floor West
Washington, DC 20005
T: (202) 640-2850
F: (202) 280-1034
mkaiser@kaiserdillon.com
sbernstein@kaiserdillon.com
wzapf@kaiserdillon.com

*Attorneys for Plaintiff John Doe*

---

proceed anonymously); Doe v. Ohio State Univ., No. 2:15-cv-02830-GLF-TPK (S.D. Ohio filed Sept. 15, 2015) (same); Doe v. Brown Univ., 1:15-cv-144-S-LDA (D.R.I. filed Apr. 13, 2015) (same); Doe v. Brandeis Univ., No. 1:15-cv-11557-FDS (D. Mass filed Apr. 9, 2015) (same); Doe v. Columbia Univ., No. 14-cv-3573 (S.D.N.Y. filed May 19, 2014) (same); Doe v. Washington & Lee Univ., No. 6:14-cv-00052-NKM-RSB (W.D. Va. filed Dec. 12, 2014) (same); Doe v. Reed Inst., No. 3:15-cv-617-MO (D. Or. filed Apr. 14, 2015) (granting unopposed motion to proceed pseudonymously); Doe v. Trs. of Boston Coll., 1:15-cv-10790-DJC (D. Mass. filed Mar. 11, 2015) (same); Doe v. Amherst Coll., No. 3:15-cv-30097-MGM (D. Mass. filed May 29, 2015) (same); Doe v. Univ. of Colo., Boulder, No. 14-3027 (D. Colo. filed Nov. 7, 2014) (proceeding pseudonymously throughout the case); Doe v. Swarthmore Coll., No. 2:14-cv-00532-SD (E.D. Pa. filed Jan. 23, 2014) (same); Doe v. Univ. of S. Fla. Bd. of Trs., No. 8:15-cv-682-JSM-EAJ (M.D. Fla. filed Mar. 25, 2015) (same); Doe v. Univ. of Cincinnati, No. 1:15-cv-600-TSB (S.D. Ohio filed Sept. 16, 2015) (same); Doe v. Marietta Coll., 2:15-cv-02816-EAS-TPK (S.D. Ohio filed Sept. 10, 2015) (same); Doe v. Alger, 5:15-cv-35-EKD-JCH (W.D. Va. filed May 5, 2015) (currently proceeding pseudonymously); Doe v. Middlebury Coll., 1:15-cv-192-JGM (D. Vt. filed Aug. 28, 2015) (same); Doe v. Miami Univ., 1:15-cv-605-MRB (S.D. Ohio filed Sept. 17, 2015) (same); Doe v. Clark Univ., No. 4:15-cv-40113-TSH (D. Mass. filed Aug. 4, 2015) (same); Doe v. The Rector & Visitors of George Mason Univ., 1:15-cv-209-TSE/MSN (E.D. Va. filed Feb. 18, 2015) (same).

## Certificate of Service

I hereby certify that on this 9th day of October, 2019, a copy of the foregoing Unopposed Motion to Proceed Under Pseudonym was served by email upon Robert Walker, Esq., Associate General Counsel, American University, Office of General Counsel.

Scott Bernstein

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE, <br> Address Withheld, <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN UNIVERSITY, <br><br> Defendant. | Civil Action No. _____ |

## [PROPOSED] ORDER

Upon consideration of John Doe's Unopposed Motion to Proceed Under Pseudonym, and for good cause shown, it is, this _____ day of _____, 2019,

**ORDERED** that John Doe's Unopposed Motion to Proceed Under Pseudonym is hereby GRANTED. The parties shall refer to the plaintiff in this matter as John Doe, they shall refer to his accuser as Jane Roe, and they shall refer to other current and former University students by their initials.

_____
United States District Judge