

FILED
OCT 1 0 2019
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE,<br><br>        Plaintiff,<br><br>        v.<br><br>AMERICAN UNIVERSITY,<br><br>        Defendant. | Case: 1:19-cv-03097<br>Assigned To : Mehta, Amit P.<br>Assign. Date : 10/10/2019<br>Description: Civil Rights   (L-DECK)<br><br>Chief Judge Beryl A. Howell |

## MEMORANDUM AND ORDER

The plaintiff in this action, a former student of American University, has moved to proceed under a pseudonym and to seal his address, Pl.'s Mot. Proceed Under Pseudonym & Seal Address ("Pl.'s Mot.") at 1, in his instant action alleging gender-based discrimination in violation of 20 U.S.C. § 1681, the D.C. Human Rights Act, D.C. Code § 2-1402.41, and breach of contract and negligence by the defendant, American University. Compl. at 1. The plaintiff's motion is unopposed. Pl.'s Mot. at 1–2 & n.1. For the reasons set forth below, the Court will grant the plaintiff's motion, subject to any further consideration by the United States District Judge to whom this case is randomly assigned.[1]

I.    BACKGROUND

The plaintiff attended American University from 2015 through 2019. Compl. ¶ 1. On January 9, 2019, "Jane Roe," another student at American University, filed a Title IX complaint that alleged that the plaintiff had sexually assaulted her in April 2016. Id. ¶¶ 2–7.[2]

---

[1] Under Local Civil Rule 40.7(f), the Chief Judge shall "hear and determine . . . motion[s] to seal the address of the plaintiff, and motion[s] to file a pseudonymous complaint." LCvR 40.7(f).

[2] The plaintiff refers to his accuser as "Jane Roe" and to other individuals involved in the Title IX complaint and investigation by their initials due to allegations of sexual assault made by and against non-parties to this suit. Pl.'s Mot. at 1–2, 5–6; Compl. ¶¶ 2, 10.

1

The plaintiff was found responsible for sexual assault and was suspended for a year and a half. *Id.* ¶ 12. The plaintiff has filed suit against American University alleging that its investigation and adjudication of Ms. Roe's claims against him was "deeply flawed." *Id.* ¶ 15.

## II. LEGAL STANDARD

Generally, a complaint must state the names of the parties and address of the plaintiff. FED. R. CIV. P. 10(a) ("The title of the complaint must name all the parties."); LCvR 5.1(c)(1) ("The first filing by or on behalf of a party shall have in the caption the name and full residence address of the party," and "[f]ailure to provide the address information within 30 days of filing may result in the dismissal of the case against the defendant."); LCvR 11.1 (same requirement as LCvR 5.1(c)(1)). The Federal Rules thus promote a "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' . . . and, more specifically, from the tradition of open judicial proceedings." *In re Sealed Case*, 931 F.3d 92, 96 (D.C. Cir. 2019) (internal citations omitted) (quoting *Wash. Legal Found. v. U.S. Sentencing Comm'n*, 89 F.3d 897, 899 (D.C. Cir. 1996)). Accordingly, "parties to a lawsuit must typically openly identify themselves in their pleadings," with "[b]asic fairness dictat[ing] that those among the defendants' accusers who wish to participate . . . as individual party plaintiffs must do so under their real names." *United States v. Microsoft Corp.*, 56 F.3d 1448, 1463–64 (D.C. Cir. 1995) (per curiam) (internal quotation marks and citations omitted).

Nevertheless, courts have, in special circumstances, permitted a party to proceed anonymously. The D.C. Circuit has instructed that "the appropriate way to determine whether a litigant may proceed anonymously is to balance the litigant's legitimate interest in

anonymity against countervailing interests in full disclosure." *In re Sealed Case*, 931 F.3d at 96. When weighing those concerns, five factors, initially drawn from *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993), serve as "guideposts from which a court ought to begin its analysis." *In re Sealed Case*, 931 F.3d at 97. These five factors are:

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and relatedly, (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Id.* (citing *James*, 6 F.3d at 238).

At the same time, a court must not simply "engage in a wooden exercise of ticking the five boxes." *Id.* Rather, "district courts should take into account other factors relevant to the particular case under consideration." *Id.* (quoting *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189–90 (2d Cir. 2008)). In exercising discretion "to grant the rare dispensation of anonymity . . . the court has 'a judicial duty to inquire into the circumstances of particular cases to determine whether the dispensation is warranted'. . . tak[ing] into account the risk of unfairness to the opposing party, as well the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Microsoft Corp.*, 56 F.3d at 1464 (quoting *James*, 6 F.3d at 238 (other internal citations and quotation marks omitted)).

## III. DISCUSSION

At this early stage of the litigation, this Court is persuaded that the plaintiff has met his burden of showing that his privacy interests outweigh the public's presumptive and substantial interest in knowing the details of judicial litigation.

In this case, the plaintiff seeks to proceed pseudonymously in order to "preserve privacy in a matter of [a] sensitive and highly personal nature." *In re Sealed Case*, 931 F.3d at 97. He alleges that the sexual assault he was found to have committed is "highly stigmatizing" and that those charges "necessarily reveal details about [the plaintiff's] private sexual life." Pl.'s Mot. at 3–4. Further, the plaintiff alleges that the potential stigmatization he faces "would be particularly harsh" since he is a citizen of and lives in a country in the Middle East, where "sexual activity outside of marriage goes against religious and cultural values" and "sexual relations outside of marriage are illegal." *Id.* at 4. According to the plaintiff, if his "identity [were] revealed, he and his family would face considerable public shaming" due to the allegations in this case. *Id.*

The plaintiff also suggests that "identification poses a risk of retaliatory . . . mental harm." *In re Sealed Case*, 931 F.3d at 97. Pointing to "discussions of sexual misconduct [that] frequently include personal attacks on the parties involved," the plaintiff fears that if he is identified, "he risks the same sort of retaliatory harm that accused students have faced throughout the country." Pl.'s Mot. at 4 (citing *Doe v. Rector & Visitors of George Mason Unvi.*, 179 F. Supp. 3d 583, 593 (E.D. Va. 2016) for the proposition that "the mere accusation of [sexual misconduct], if disclosed, can invite harassment and ridicule. . . . [I]t is possible that plaintiff could be targeted for retaliatory physical or mental harm based on the accusations alone" (internal citation and quotation marks omitted)); *see also id.* ("It makes

little sense to lift the veil of pseudonymity that—for good reason—would otherwise cover these proceedings [at the university level] simply because *the university* erred and left the accused with no redress other than a resort to federal litigation." (emphasis in original)). Thus, the plaintiff argues that disclosing his identity "in a case that is likely to garner national media attention will almost surely make him the target of similar threats, harassment, and intimidation—both here and, especially, in [his home country]." Pl.'s Mot. at 5.

The plaintiff's fears of retaliation are, at this stage, somewhat speculative, as he has not provided any reason to believe that his case is "likely to garner national media attention" *and* that this attention will "make him the target of . . . threats." *Id.* In a close case, the speculative nature of any media attention weighs against granting the plaintiff's motion. *See Roe v. Doe*, No. 18-cv-666 (CKK), 2019 WL 1778053, at *2 (D.D.C. Apr. 23, 2019) (noting that an earlier motion to proceed under a pseudonym had been rejected because "[d]efendant offer[ed] no basis for his assertion that the media will draw significant attention to this case" (internal citation and quotation marks omitted)). On the other hand, as in *Roe v. Doe*, public filing of a case or other developments may provoke media attention where none existed prior. *See id.* ("Between the [university's] investigation and [d]efendant's subsequent court case to stop it, the allegations drew significant further media attention."). In addition, the plaintiff alleges that the fact that he lives in a foreign country where the risk of retaliatory mental harm or threats is heightened. *See* Pl.'s Mot. at 4–5. While the plaintiff's case for proceeding under a pseudonym remains close, his residency the foreign country and the defendant's

consent for his use of a pseudonym support allowing him to proceed anonymously, subject to further consideration as the litigation proceeds.

As to the nonmoving defendant's interests, the defendant has consented to the plaintiff's motion. *Id.* at 1–2 & n.1. The plaintiff's identity, moreover, as well as the identities of Jane Roe and the other students associated with the sexual assault complaint against the plaintiff, are already known by the defendant in connection with its investigation. *Id.* at 5. Allowing the plaintiff to proceed pseudonymously thus will not compromise the defendant's ability to defend this action and poses little "risk of unfairness to the opposing party." *Nat'l Ass'n of Waterfront Emp'rs v. Chao*, 587 F. Supp. 2d 90, 99 (D.D.C. 2008). Finally, any public interest in disclosing the identity of the plaintiff is outweighed, at this stage, by the heightened risk of stigma and retaliation the plaintiff alleges that faces in his home country.

In sum, weighed against the minimal apparent interest in disclosure, the plaintiff's interest in maintaining his anonymity at this early stage in the litigation is sufficient to overcome any general presumption in favor of open proceedings. *See Horowitz v. Peace Corps*, 428 F.3d 271, 278 (D.C. Cir. 2005) ("If there is no public interest in the disclosure of certain information, 'something, even a modest privacy interest, outweighs nothing every time.'" (quoting *Nat'l Ass'n of Retired Fed. Emps. v. Horner*, 879 F.2d 873, 879 (D.C. Cir. 1989))).

## IV.   CONCLUSION AND ORDER

For the foregoing reasons, it is hereby

**ORDERED** that the plaintiff's Motion to Proceed Under Pseudonym and to Seal Address is **GRANTED**, subject to any further consideration by the United States District

Judge to whom this case is randomly assigned, and the case may proceed using the pseudonym "John Doe" for the plaintiff; and it is further

**ORDERED** that the plaintiff's motion and supporting exhibits, including the full name and address of the plaintiff, shall remain under seal until further order of the Court; and it is further

**ORDERED** that the defendant is prohibited from publicly disclosing the plaintiff's identity or any personal identifying information that could lead to the identification of the plaintiff by nonparties, except for the purposes of investigating the allegations contained in the Complaint and for preparing an answer or other dispositive motion in response.

**SO ORDERED.**

Date: October 10, 2019

*Beryl A. Howell*
_____
BERYL A. HOWELL
Chief Judge