JOHN DOE,

                Plaintiff,

            v.

AMERICAN UNIVERSITY,

                Defendant.

19 Civ. 03097 (APM)

_____

**STATEMENT OF MATERIAL FACTS FOR WHICH**
**THERE IS NO DISPUTE IN SUPPORT OF JOHN DOE'S**
**MOTION FOR PARTIAL SUMMARY JUDGMENT**

Pursuant to Local Rule 7(h)(1) and this Court's Order dated December 6, 2016 (ECF No. 12), John Doe respectfully submits the following Statement of Material Facts for Which There is No Dispute in support of his Motion for Partial Summary Judgment filed herewith.

1.      In August 2015, both John Doe and Jane Roe matriculated as freshman undergraduate students to American University ("AU").

2.      On or about January 9, 2019, during Mr. Doe's and Ms. Roe's last semester at AU prior to their scheduled graduation, Ms. Roe brought a complaint of sexual misconduct against Mr. Doe. *See* ECF No. 13-1 at 1 (AU's Motion to Dismiss (hereinafter "Def.'s Mem."), Ex. 1).

3.      Ms. Roe's complaint alleged, inter alia, that Mr. Doe had sexually assaulted her during a social gathering at Mr. Doe's apartment during the evening of April 22, 2016, more than two-and-a-half years before she filed her complaint with the school. *See id.*

4.      At the time of the alleged incident, both Ms. Roe and Mr. Doe were freshman undergraduate students at AU.

5.     At the time Ms. Roe brought her complaint against Mr. Doe, both of them were in their last semester of their senior year.

6.     On May 22, 2019, AU's Title IX investigator, Fariha Quasem, notified Mr. Doe that she had found him responsible for sexual assault of Ms. Roe. *See* Def.'s Mem. Ex. 4.

7.     On July 1, 2019, AU's Dean of Students Jeffrey Brown notified Mr. Doe that he was being suspended from the university until December 31, 2020, and that this punishment would be permanently recorded on his academic transcript, as a result of the finding of responsibility. Dean Brown further notified Mr. Doe that he would be required to write a "reflection paper" regarding the alleged incident for which he was found responsible.

8.     The AU Student Conduct Code (the "Code") is a disciplinary code governing all students of AU, including both Mr. Doe and Ms. Roe at the relevant times at issue in this case. *See* Ex. 1 (2015-16 Code), 2 (2016-17 Code), 3 (2017-18 Code) & 4 (2018-19 Code).[1]

9.     The AU Discrimination and Sexual Harassment Policy (the "Policy") is a university policy, amended from time to time, setting forth the schools policies and procedures for responding to and resolving reports of discrimination, including but not limited to sexual misconduct at the relevant times at issue in this case. *See* Ex. 5 & 6.

10.     When Mr. Doe and Ms. Roe matriculated to AU in the fall of 2015, and on the date of the alleged incident (April 22, 2016), Section XIII.B. of the Code in effect at those times provided in relevant part:

> A written complaint must be filed with the director of Student Conduct and Conflict Resolution Services within 15 days (excluding weekends, official university holidays, winter and spring breaks) of the occurrence or discovery of the alleged infraction(s). *The deadline for filing a case will be extended if there is an alleged violation of the university's Discrimination*

---

[1] All references to exhibits cited herein refer to exhibits to the Declaration of William E. Zapf, which is being filed simultaneously with this statement.

*and Sexual Harassment Policy, Whistleblower Policy, or a Code violation involving sexual harassment, domestic violence, dating violence, rape, sexual assault, sexual exploitation, or stalking. In such cases, the complainant will have one year from the date of discovery to file a complaint as set forth in these policies.* Requests for extension of the 15 day or one year filing periods must be made in writing to the director of Student Conduct and Conflict Resolution Services or designee, and will be evaluated based on whether a reasonable person might be justified in filing after the deadline because of relevant circumstances.

Ex. 1 at 12 (emphasis in the original).

11.     On the date of the alleged incident, Section IV.D. of AU's Discrimination and Sexual Harassment Policy ("August 2015 Policy"), under the heading "INITIATING A COMPLAINT," stated: "Notify the appropriate Responsible Official as quickly as possible of violations of this policy and within one (1) year of the alleged violation. Complaints filed after the (1) year period may be considered by the Responsible Official, when requested in writing and there are extenuating circumstances." Ex. 5 at 6.

12.     Accordingly, under the Code and Policy in effect at the time of the alleged incident, Jane Doe had one year from April 22, 2016, to file any complaint regarding the alleged incident. One year (365 days) from April 22, 2016, is April 22, 2017.

13.     One year after the date of the alleged incident, on April 22, 2017, the Code effective on that date contains a statement that is substantively identical to the language quoted above from the 2015-16 Code setting a one-year deadline from the date of discovery. Ex. 2 at 13.

14.     One year after the date of the alleged incident, on April 22, 2017, the August 2015 Policy containing the one-year deadline for complaints involving sexual misconduct was still in effect and remained in effect until it was further revised on August 31, 2017. *See* Ex. 6 at 10.

15.     Accordingly, AU did not attempt to extend the time period in which to file a complaint involving sexual misconduct before the one-year period for Ms. Roe to file a complaint relating to events on April 22, 2016, had expired.

3

16. In July 2017, AU amended and approved the Code applicable for the 2017-18 academic year. *See* Ex. 3 at 25. In the revised 2017-18 Code, AU created a separate set of rules governing discipline for violations of AU's Discrimination and Sexual Harassment Policy. *See id.* at 15-22. It removed the relevant language previously included in Section XIII.B., and instead stated in Section XIX.A.1.b. the following:

> Pursuant to the university's Discrimination and Sexual Harassment Policy, the deadline for filing a case for investigation is one (1) year from the date of the alleged violation. Requests for extension of the one (1) year filing period must be made in writing to the Title IX Program Officer or their designee, and the Title IX Program Officer or designee may extend this time frame for good cause.

Ex. 3 at 16.

17. Ms. Roe has never requested an extension of the deadline to file her complaint, in writing or otherwise, and AU has never granted her such an extension.

18. In July 2018, AU further amended the Student Conduct Code. *See* Ex. 4 at 27. Section XIX.A.1.b. of 2017-18 Code was amended to state:

> Pursuant to the university's Discrimination and Sexual Harassment Policy, complainants should file a formal complaint as soon as possible following the alleged discrimination. Timely complaint filing gives the University the best change to resolve the complaint. If respondent is no longer a student at the time of the formal complaint, the university may not be able to take disciplinary action against respondent, but it will still seek to provide support for complainant and take steps to end the alleged Prohibited Conduct, prevent its recurrence, and address its effects.

Ex. 4 at 18.

19. There is no language in the 2018-2019 Code stating that the amendment to Section XIX.A.1.b. would have retroactive effect or otherwise apply to complaints that had not yet been filed regarding incidents for which the prior one-year deadline had already passed prior to this amendment.

20.     AU further amended the Policy on August 31, 2017, which was in effect during the 2018-19 academic year. *See* Ex. 6 at 10. This amended Policy stated in relevant part:

> A complaint should be filed as soon as possible following the alleged discrimination. Timely complaint filing gives the University the best chance to resolve the problem. A delay in filing a complaint may severely limit available remedies. If the respondent is no longer affiliated with the University (e.g., former student or former employee), the University will take appropriate action within its authority, including referring the Complainant to external reporting options.

Ex. 6 at 7-8.

*             *             *