**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOHN DOE,<br>Plaintiff,<br>v.<br>AMERICAN UNIVERSITY,<br>Defendant. | 19 Civ. 03097 (APM)<br>________________________________<br>HEARING REQUESTED |

**JOHN DOE'S OBJECTIONS TO THE AFFIDAVIT OF REGINA CURRAN**

Rule 56(c)(4) requires that "an affidavit . . . used to . . . oppose a motion [for summary judgment] must [1] be made on personal knowledge, [2] set out facts that would be admissible in evidence, and [3] show that the affiant or declarant is competent to testify on the matters stated." In support of its Opposition to John Doe's Motion for Partial Summary Judgment, AU relies on an affidavit—the Affidavit of Regina Curran (the "Affidavit")—that contains statements that violate each of these three requirements.

## I. Paragraph 4 of the Affidavit Makes Clear that the Affidavit, In Key Parts, Is Inadmissible.

Ms. Curran could not have submitted a meaningful affidavit that complied with Rule 56 with respect to the issue that is the subject of Mr. Doe's Motion for Partial Summary Judgment—*i.e.*, AU's failure to apply its contractual statute of limitations to Ms. Roe's complaint—because she was not working at AU at the time of the alleged incident (*see* Curran Aff. ¶ 3), nor was she working at AU when the school's deadline for Ms. Roe to file her claim came and went (*id.*).

Ms. Curran acknowledges the limits of her testimony in Paragraph 4 of the Affidavit. In that paragraph, Ms. Curran notes that, in addition to the personal knowledge she has as a result of being the Title IX Program Officer at AU—a position she has held since May 22, 2017—her knowledge of the Title IX proceedings at AU are "informed by conversations with [her] colleagues and [her] ability to review AU's Title IX records for all years at issue in this case." (Curran Aff. ¶ 4.)

Ms. Curran's affidavit, however, obfuscates when she is relying on her personal knowledge as the current Title IX Program Officer, when she is relying on "conversations with [her] colleagues," and when she is relying on the fact that she has the "ability to review" records (although, as discussed below, it is frequently clear that Ms. Curran's statements could not possibly be based on her personal knowledge). It is not the Court nor Mr. Doe's burden to figure that out. AU has the burden to show that its evidence is admissible, *see In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 385-86 (9th Cir. 1992), and it has not done it.

## II. <u>Paragraph 6 of the Affidavit Is Inadmissible with Respect to Ms. Curran's Knowledge Regarding the April 2012 to mid-July 2015 Time Period</u>.

In Paragraph 6 of the Affidavit, Ms. Curran states that "[d]uring all times that [she] ha[s] been employed at AU, AU has never declined to investigate a complaint or report (whether oral or written) of sexual assault on the ground that such complaint or report was untimely."

But Ms. Curran was not always AU's Title IX Program Officer. According to the Affidavit, from April 2012 to mid-July 2015, Ms. Curran worked in the Student Conduct and Conflict Resolution Office—which does not handle allegations of sexual misconduct. (Curran Aff. ¶ 3.) Ms. Curran did not work in the office that would have applied AU's one-year statute of limitations or would have granted Ms. Roe an extension, had she asked for one. Her knowledge with respect to the April 2012 to mid-July 2015 time period, is necessarily secondhand—and it is

therefore inadmissible. *See*, *e.g.*, *Londrigan v. Fed. Bureau of Inv.*, 670 F.2d 1164, 1173 (D.C. Cir. 1981) (Rule 56's requirement "of personal knowledge by the affiant is unequivocal, and cannot be circumvented"); *see also Galvin v. Eli Lilly and Co.*, 488 F.3d 1026, 1036 (finding that an affidavit was inadmissible where the affiant "lack[ed] personal knowledge for the relevant time").

## III. **<u>Paragraph 7 of the Affidavit Is Inadmissible</u>.**

In Paragraph 7, Ms. Curran states "that, prior to 2018, AU investigated complaints of sexual misconduct that were alleged to have occurred more than one year prior to the incident having been reported." This statement is inadmissible for several reasons.

*First*, Ms. Curran states that her knowledge is "based on [her] experience while working at AU." But as noted above, the only time Ms. Curran worked at AU before 2018, she did not work in the office that investigated or adjudicated allegations of sexual misconduct. Her knowledge is secondhand and inadmissible.

*Second*, Ms. Curran states in her affidavit that her knowledge is based on her "conversations with colleagues." That too makes Ms. Curran's knowledge secondhand. It also makes Ms. Curran's statement inadmissible hearsay—which "counts for nothing on summary judgment."

*Third*, Ms. Curran states that her knowledge is based on her "access to AU's Title IX case records." It is unclear how Ms. Curran could have developed knowledge based on "access" to documents. (Notably, Ms. Curran does not state that she has actually *read* "AU's Title IX case records.") In any event, if Ms. Curran is relying on AU's Title IX case records, then again her statement is inadmissible hearsay.

## IV. **<u>Paragraph 8 of the Affidavit Is Inadmissible</u>.**

In Paragraph 8, Ms. Curran states that "[d]uring all times that [she] ha[s] been employed at AU, AU has applied the procedures in the University Student Code of Conduct and AU's Discrimination and Sexual Harassment Policy in effect at the time the complaint or report was received to proceedings involving allegations of sexual misconduct." But again, with respect to the April 2012 to mid-July 2015 time period, the knowledge upon which Ms. Curran's statement is based is secondhand. Ms. Curran did not work in the office then that applied AU's Discrimination and Sexual Harassment Policy or that adjudicated or investigated allegations of sexual misconduct under the Student Conduct Code.

## V. **Paragraph 9 of the Affidavit Is Inadmissible.**

In Paragraph 9 of the Affidavit, Ms. Curran states that she is "certain that, had the University believed that a one-year limitations provision applied to her report, AU would have given Ms. Roe the opportunity to seek an extension of the time to bring a complaint, and would have granted such an extension given the serious nature of the conduct alleged and the circumstances." This statement is unreasonable and entirely inadmissible.[1] Ms. Curran has no personal knowledge to support this statement, as she did not work at AU at the time Ms. Roe's sexual misconduct allegation expired. (Tellingly, AU did not submit an affidavit from anybody who did.) Moreover, Ms. Curran's statement is pure speculation—which cannot defeat Mr. Doe's motion for summary judgment. *See*, *e.g.*, *Allied Pilots Ass'n v. Am. Airlines, Inc.*, 643 F. Supp. 2d 123, 126 (D.D.C. 2009) ("a party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences").

---

[1] "Merely to assume a practice" during a period of which the affiant has no personal knowledge is "unreasonable." *See Galvin*, 488 F.2d at 1034 (D.C. Cir. 2007).

*                    *                    *

Respectfully submitted,

*/s/ William E. Zapf*

DATED: January 31, 2020

Matthew G. Kaiser (D.C. Bar No. 486272)
Scott Bernstein (D.C. Bar No. 1013922)
William E. Zapf (D.C. Bar No. 987213)
KAISERDILLON PLLC
1099 14th Street NW, 8th Floor West
Washington, DC 20005
T: (202) 640-2850
F: (202) 280-1034
mkaiser@kaiserdillon.com
sbernstein@kaiserdillon.com
wzapf@kaiserdillon.com

*Attorneys for Plaintiff John Doe*