**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JOHN DOE,<br><br>Plaintiff,<br>v.<br><br>AMERICAN UNIVERSITY,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 1:19-cv-03097-APM<br><br>**RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY** |

**RESPONSE TO DOE'S**
**NOTICE OF SUPPLEMENTAL AUTHORITY**

American University ("AU") respectfully submits this response to John Doe's ("Doe's") Notice of Supplemental Authority ("Notice"), advising the Court of a recent Sixth Circuit decision, *Doe v. Oberlin Coll.*, -- F.3d --, 2020 WL 3495298 (6th Cir. June 29, 2020) (Slip Op. attached to Doe's Notice), reversing a district court's dismissal of a Title IX claim.

In its ruling, the Sixth Circuit affirmed the unremarkable proposition that plaintiffs asserting Title IX violations under an "erroneous outcome" theory must allege facts to show "a particularized causal connection between the flawed outcome and sex discrimination." Slip Op. at 9. While the Sixth Circuit concluded that the plaintiff in *Oberlin College* had done so—citing to, *e.g.*, numerous alleged procedural failures by the College, an ongoing Department of Education Office of Civil Rights investigation of the College's disciplinary process during the pendency of the proceeding against Doe, and a "100% responsibility rate[ ] in cases where most if not all respondents were male"—applying the Sixth Circuit's requirement that plaintiffs "allege facts supporting an inference of sex bias *in [their] particular proceeding*" to avoid dismissal (Slip Op. at 10 (emphasis added)) leads to a different result in this case. As pointed out in AU's Motion, Doe's *factual* allegations—as opposed to his conclusory allegations—do not support a plausible inference of anti-male bias. *See* Motion at 13-19. Thus, even were the

*Oberlin College* decision binding precedent on this Court, it would not prevent dismissal of Doe's Title IX claim here for failure state a claim. *See, e.g.*, *Robinson v Wutah*, 788 F. App'x 738 (D.C. Cir. 2019) (affirming dismissal of "erroneous outcome" claim where allegations of flawed proceeding were combined with conclusory allegations of gender discrimination); *Doe v. Univ. of Miss.*, 361 F. Supp. 3d 597, 607 (S.D. Miss. 2019) (plaintiff "'must allege particular facts sufficient to cast some articulable doubt on the accuracy of the outcome of the disciplinary proceedings'" and "'particular circumstances suggesting that gender bias was a motivating factor behind the erroneous finding'") (quoting *Yusuf v. Vassar Coll.*, 35 F.3d 709, 715 (2d Cir. 1994)).

The facts in *Oberlin College* were very different than those alleged here. In *Oberlin College*, the plaintiff had alleged a "pattern" of gender bias based on the combination of pressure arising from an ongoing OCR "systemic investigation of the College's policies, procedures and practices" regarding sexual misconduct during the pendency of the plaintiff's disciplinary proceeding, and "clear procedural irregularities," including an unusually lengthy and unexplained delay in resolving the case, obvious contradictions between testimony at the hearing and the decision which went unaddressed by the hearing panel, and the Appeal Officer's failure to address post-hearing evidence, offered by a friend of the complainant, that she had "provided false testimony." 2020 WL 3495298, *4-6. Plaintiff here has alleged no similar pattern of major procedural irregularities in the course of AU's investigation and disciplinary proceeding. And while Doe alleges that there was federal "pressure" directed at AU's Title IX processes, he does not allege facts showing a connection between that alleged "pressure"—which, per the allegations in the Complaint, resulted from complaints asserted *by males* as well as females,

(Doc. #3 ¶ 83)[1]—and the outcome in his disciplinary proceeding. Indeed, Doe's own allegations refute that suggestion, as Doe admits that the Title IX investigator found the other male student that was the subject of Roe's disciplinary complaints *not* responsible for all counts against him, and Doe himself not responsible for one of the counts against him. Complaint ¶¶ 11 & 13.

In short, the Sixth Circuit's recent decision in *Oberlin College* does not change the analysis of Doe's claims in the case pending before this Court.

Dated: July 3, 2020

Respectfully submitted,

*<u>/s/ Amanda Shafer Berman</u>*
Laurel Pyke Malson (#317776)
Amanda Shafer Berman (#497860)

CROWELL & MORING LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Tel: (202) 624-2576
LMalson@crowell.com
APortnoy@crowell.com
ABerman@crowell.com

*Counsel for Defendant*

[1] Notably, while Doe alleged that AU was subject to two prior Department of Education ("DoE") Title IX investigations, those investigations occurred several years before Roe brought her complaint. *See* Compl. ¶ 27. Per Doe's allegations, the last DoE investigation before his disciplinary proceeding addressed potential gender bias against *males*, and thus any "pressure" felt by AU at that time would have favored male respondents, not female complainants.

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Response was served today, July 3, 2020, on the following counsel of record for Plaintiff via the Court's CM/ECF system:

**Scott Bernstein**
KaiserDillon PLLC
1099 14th Street, NW
8th Floor West
Washington, DC 20005
Email: sbernstein@kaiserdillon.com

/s/ Amanda Shafer Berman
Amanda Shafer Berman